## Dravo Doyle Company, Defendant in Error, v. Sulzberger & Sons Company, Plaintiff in Error.

### Gen. No. 20,655.     (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed January 27, 1916.

### Statement of the Case.

Action by the Dravo Doyle Company, a corporation, against Sulzberger & Sons Company, a corporation, defendant, in the Municipal Court of Chicago, to recover a balance due on the purchase price for turbine gears sold and delivered to defendant. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

For some time prior to June, 1912, the defendant operated a steam turbine at its plant in the Chicago stockyards, and purchased from the plaintiff certain gears to be used with the turbine.

It appeared that the gears were ordered in June, 1912, delivered in July, 1912, and installed in defendant's plant. After the gears were in operation from four to six weeks, some of the teeth broke. They were then taken to defendant's machine ship, turned down on a lathe, the broken parts removed and then replaced and used at intervals thereafter. After the break, defendant took the matter up with the plaintiff, the

defendant claiming that the gears were inherently defective, causing the break, and that the gears should be replaced without cost. The plaintiff contended that the trouble was caused by reason of a faulty foundation on which the turbine was placed. After some controversy, the plaintiff, on August 14, 1912, wrote the defendant a letter in which plaintiff reiterated its belief that the break in the teeth of the gears was due to the foundation on which the turbine rested, and suggested that defendant send the gears to the manufacturer's laboratory for testing, and intimating that if found defective such manufacturer would probably replace them.

In accordance with the letter, the defendant sent the broken parts of the gears to Trenton, New Jersey, and on October 16, 1912, plaintiff wrote to the defendant advising it that after an examination of the broken parts of the gears, there was no evidence of inherent defects, and that therefore no credit or allowance could be made.

The gears in question were manufactured at Trenton, New Jersey, by the DeLaval Steam Turbine Company. There was no express warranty of the gears.

The action was tried by jury, and at the close of all the evidence the court instructed the jury to find for plaintiff.

WILLIAM R. BROWN, for plaintiff in error.

BAKER & HOLDER, for defendant in error; G. RAYMOND COLLINS, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 243*—*when no implied warranty of quality of goods.* There is no implied warranty of the quality of goods sold which are not manufactured by vendor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Dravo Doyle Co. v. Sulzberger & Sons Co., 197 Ill. App. 547.

2. SALES, § 252*—*when implied warranty of fitness for purpose exists.* Where an article is to be made or supplied to the order of a vendee, there is an implied warranty of the fitness of the article for the special purpose designated. by vendee if known to vendor.

3. SALES, § 387*—*when buyer may keep property and sue for breach of warranty.* Where there is a sale and delivery of personal property with an express or implied warranty, the purchaser may keep and use the property if found to be defective and bring an action for breach of warranty.

4. SALES, § 389*—*when purchaser may recoup damages for defects in goods.* In an action to recover for the purchase price of goods sold under an express or implied warranty the purchaser may recoup damages sustained by reason of defects in the goods.

5. SALES, § 98*—*when buyer may not rescind contract without consent of vendor.* In case of breach of warranty of goods sold under a contract containing no stipulation that the goods may be returned in case of such breach, vendee has no right, in the absence of fraud, to rescind the contract without the consent of vendor.

6. SALES, § 404*—*what is measure of damages for breach of warranty.* The measure of damages in an action for breach of warranty of goods sold is the difference between the value of the article as warranted and its actual value in its defective condition.

7. SALES, § 91*—*when contract not annulled by seller.* In an action by a vendor to recover the purchase price of goods not manufactured by it which were sold under a contract containing no express warranty or clause permitting the return of the goods in case they were found to be defective, a letter from plaintiff to defendant suggesting that the goods be sent to the manufacturer for testing and assuring defendant that such manufacturer would replace the goods if found defective does not amount to a request to return the goods nor amount to an annulment of the contract, especially where plaintiff later informed defendant that the goods had been tested and no defects found.

8. SALES, § 283*—*when no question for jury regarding warranty.* In an action to recover for goods sold and delivered, where the defense is a breach of warranty of the goods sold, there is nothing to submit to the jury in regard to the warranty where there is no evidence that the contract was effectively rescinded, or of defendant's damages as a result of the alleged breach.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.